**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANNON FREMGEN, MARY CHRISTOPHERSON-JUVE, DENISE DELEON, SANDRA WILDE, MICHAEL WILDER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC.; HACHETTE BOOK GROUP, INC; HARPERCOLLINS PUBLISHERS L.L.C.; MACMILLAN PUBLISHING GROUP, LLC; PENGUIN RANDOM HOUSE LLC; SIMON & SCHUSTER, INC., <br><br> Defendants. | Case Number 1:21-cv-351-GHW-DCF <br><br> **MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO APPOINT HAGENS BERMAN SOBOL SHAPIRO LLP AS INTERIM LEAD COUNSEL FOR THE PROPOSED CLASS** |
| JORDAN SACKS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case Number 1:21-cv-421-GHW-DCF |
| BONNIE WEINBERGER, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case Number 1:21-cv-615-GHW-DCF |

MARIACRISTINA BONILLA on behalf of herself and all others similarly situated,

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

Case Number 1:21-cv-01130

---

ETHAN SILVERMAN and JEFFERY TOMASULO, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC.; HACHETTE BOOK GROUP, INC; HARPERCOLLINS PUBLISHERS L.L.C.; MACMILLAN PUBLISHING GROUP, LLC; PENGUIN RANDOM HOUSE LLC; SIMON & SCHUSTER, INC.,

Defendants.

Case Number 1:21-cv-01256

---

JEFFREY COOK, and SUSAN COOK, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC.; HACHETTE BOOK GROUP, INC; HARPERCOLLINS PUBLISHERS L.L.C.; MACMILLAN PUBLISHING GROUP, LLC; PENGUIN RANDOM HOUSE LLC; SIMON & SCHUSTER, INC.,

Defendants.

Case Number 1:21-cv-01369-GHW-DCF

CECILY LERNER, on behalf of herself
and all others similarly situated,

          Plaintiff,

    v.

AMAZON.COM, INC.; HACHETTE
BOOK GROUP, INC; HARPERCOLLINS
PUBLISHERS L.L.C.; MACMILLAN
PUBLISHING GROUP, LLC; PENGUIN
RANDOM HOUSE LLC; SIMON &
SCHUSTER, INC.,

Defendants.

Case Number 1:21-cv-01561

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................1

II.   BACKGROUND .............................................................................................2

III.  ARGUMENT ..................................................................................................3

    A.    The Standards for Appointment of Interim Co-Lead Counsel................................3

    B.    Hagens Berman is best suited to represent the interests of the proposed class........5

        1.    Rule 23(g)(1)(A)(i) (work done in identifying or investigating potential claims in the action).........................................................5

        2.    Rule 23(g)(1)(A)(ii) (counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action) .........................................................................5

        3.    Rule 23(g)(1)(A)(iii) (knowledge of applicable law) .................................6

        4.    Rule 23(g)(1)(A)(iv) (resources that counsel will commit).......................8

IV.   CONCLUSION................................................................................................8

010888-12/1436959 V1

First-to-file Plaintiffs Shannon Fremgen, Mary Christopherson-Juve, Denise Deleon, Sandra Wilde, and Michael Wilder[1] respectfully submit this memorandum of law in support of their request to appoint their counsel, Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), as Interim Lead Counsel for the proposed consumer class. All Plaintiffs and their counsel in the related cases agree and support the appointment of Hagens Berman as Interim Lead Counsel.[2] Defendants take no position regarding this motion. As a result, this motion is unopposed.[3]

## I.        INTRODUCTION

All Plaintiffs agree that the appointment of Hagens Berman as interim lead counsel is in the best interests of the proposed class of eBooks consumers. Hagens Berman is one of the preeminent consumer rights class action firms in the country, with nearly three decades of experience litigating complex antitrust class actions and MDLs, including through trial.[4] Hagens Berman has a record of securing significant settlements for plaintiffs, including in the previous *eBooks* litigation brought in this Court in 2011, where the firm, serving as co-lead counsel, secured $560 million in settlements for the eBooks consumer class.[5]  Hagens Berman also has a record of innovation. In both *eBooks* and *Fremgen*, Hagens Berman's investigation was original and lead to duplicate flings. The *Fremgen* complaint reflects Hagens Berman's thorough pre-filing investigation of the alleged antitrust violations as well as original analyses performed by a Hagens Berman-retained expert economist. The later-filed actions are derivative of (and often

---

[1] *Fremgen, et al. v. Amazon et al.*, Case Number:  1:21-cv-351-GHW-DCF (S.D.N.Y. filed Jan. 14, 2021).

[2] Declaration of Steve W. Berman In Support of Unopposed Motion To Appoint Hagens Berman Sobol Shapiro LLP As Interim Lead Counsel for the Proposed Class ("Berman Decl."), ¶ 2.

[3] *Id.*

[4] *Id.*, ¶¶ 3-4 and Ex. A.

[5] *In re Elec. Books Antitrust Litig*, No. 11-md-2293 (DLC) (S.D.N.Y. 2011) ("*eBooks*").

incorporate verbatim) the allegations in the *Fremgen* complaint. If appointed Interim Lead Counsel, Hagens Berman will deploy its significant experience, resources, and expertise on behalf of Plaintiffs and the proposed class, as it did in *eBooks* and hundreds of other class actions.

## II.      BACKGROUND

On January 14, 2021, Hagens Berman filed in this Court the first proposed class action on behalf of consumers who purchased eBooks from Defendants Hachette Book Group, Inc., HarperCollins Publishers L.L.C., Macmillan Publishing Group, LLC, Penguin Random House LLC, and/or Simon & Schuster, Inc. (the "Big Five") through retailers that compete with Defendant Amazon's retail platform. A decade earlier, Hagens Berman also filed the first eBooks antitrust lawsuit against the Big Five and Apple for their participation in a very similar conspiracy to raise eBook prices. Hagens Berman's initiative led the Department of Justice and Attorneys General from 33 states to bring their own lawsuits in this District, which in turn led to consent decrees against each of the Big Five and a judgment against Apple. As co-lead counsel, Hagens Berman secured $560 million in settlements for the consumer class.[6]

Much like the *eBooks* case, the *Fremgen* action alleges that the Big Five agreed to a most favored nations clause ("MFN") with a lead retailer for the purposes of raising eBook prices.[7] Whereas in *eBooks*, the Big Five colluded with Apple, the *Fremgen* action alleges that the Big Five colluded with Amazon to achieve the same goal. The agreements benefit the Big Five by eliminating retailer discounting of their eBook prices, and they benefit Amazon by eliminating price competition that it would otherwise face from other retailers. These

---

[6] Berman Decl., ¶¶ 4-5.

[7] *Id.*, ¶ 6; *see also United States v. Apple Inc.*, 952 F. Supp. 2d 638, 648 (S.D.N.Y. 2013).

anticompetitive agreements harm Plaintiffs and members of the proposed class by artificially raising eBook prices of books sold through Amazon's retail rivals.

Before filing, Hagens Berman conducted an extensive investigation into the current eBooks market and the nature and effect of the Defendants' alleged agreements, including the analysis of historical eBook prices in consultation with an economist.[8] The *Fremgen* lawsuit made national news, including a feature story the following day in the Wall Street Journal.[9] Plaintiffs in the *Sacks*, *Weinberger*, *Bonilla*, *Silverman*, *Cook*, and *Lerner* actions filed on behalf of an identical eBook purchaser class.[10] Their complaints parroted, often verbatim, the allegations in the *Fremgen* complaint, including its economic analysis.[11]

## III.    ARGUMENT

### A.    The standards for appointment of Interim Co-Lead Counsel

Federal Rule of Civil Procedure 23(g)(3) permits the Court to appoint class counsel before class certification in order to protect the interests of the putative class during the pre-certification period.  The "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to

---

[8] Berman Decl., ¶ 7.

[9] Jeffrey A. Trachtenberg & Dana Mattioli, *Amazon, a Longtime E-Book Discounter, Is Accused of Driving Up the Price of E-Books*, WSJ (Jan. 15, 2021), https://www.wsj.com/articles/amazon-a-longtime-e-book-discounter-is-accused-of-driving-up-the-price-of-e-books-11610748615?st=bcw1jnf9xu26c63&reflink=article_email_share.

[10] *Sacks v. Amazon.com, Inc.*, Case No. 1:21-cv-421-GHW-DCF (S.D.N.Y. filed January 18, 2021) (the "*Sacks*" Action); *Weinberger v. Amazon.com, Inc.*, Case No. 1:21-cv-615-GHW-DCF (S.D.N.Y. filed January 22, 2021) (the "*Weinberger*" Action); *Bonilla v. Amazon.com, Inc.*, Case No. 1:21-cv-01130 (S.D.N.Y. filed February 10, 2021) (the "*Bonilla*" Action); *Silverman, et al. v. Amazon.com, Inc., et al.*, Case No. 1:21-cv-1256 (S.D.N.Y. filed February 11, 2021) (the "*Silverman*" Action); *Cook v. Amazon.com, Inc.*, Case No. 1:21-cv-01369-GHW-DCF (S.D.N.Y. filed February 17, 2021) (the "*Cook*" Action); and *Lerner v. Amazon.com, Inc.*, Case No. 1:21-cv-01561 (S.D.N.Y. filed February 22, 2021) (the "*Lerner*" Action).

[11] Berman Decl., ¶ 8.

- 3 -

motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."[12] In cases like this, where "multiple overlapping and duplicative class actions" have been consolidated before a single court, the "designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management."[13] Because lead counsel has the ultimate responsibility of acting for and in the best interests of the Plaintiffs and members of the proposed class, the Court should appoint counsel who are capable and qualified to fairly and adequately represent the interests of the class.[14]

When considering the appointment of interim class counsel, courts analyze the same criteria used to select lead counsel for a certified class:

> (i)    the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii)  counsel's knowledge of the applicable law; and
>
> (iv)   the resources that counsel will commit to representing the class.[15]

Each of these factors supports the appointment of Hagens Berman as Interim Lead Counsel.

---

[12] *Manual for Complex Litigation*, Fourth, § 21.11 ("Manual") at 246 (2004).

[13] *In re Deva Concepts Prods. Liab. Litig.*, 2020 U.S. Dist. LEXIS 135046, at *8 (S.D.N.Y. July 30, 2020) (quoting *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006)).

[14] *See* Manual §§ 10.22, 21.271, 21.272.

[15] Fed. R. Civ. P. (23)(g)(1)(A); *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012).

**B.      Hagens Berman is best suited to represent the interests of the proposed class.**

   **1.      Rule 23(g)(1)(A)(i) (work done in identifying or investigating potential claims in the action)**

Hagens Berman's *Fremgen* complaint was the first on file. The complaint reflects the firm's extensive pre-filing investigation of Amazon's conduct, informed by Hagens Berman's experience prosecuting similar claims against Amazon's alleged co-conspirators in *eBooks* and its ongoing antitrust litigation against Amazon's similar allegedly anticompetitive agreements.[16] Hagens Berman's pre-filing consultation with an economist, and analysis of eBook pricing data before and after the alleged anticompetitive agreements, also make Hagens Berman uniquely suited to lead this class action as Interim Co-Lead Counsel.[17] This market analysis is reflected in the *Fremgen* complaint and serves as the economic foundation of the case.[18]

   **2.      Rule 23(g)(1)(A)(ii) (counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action)**

Hagens Berman is a demonstrated leader in complex class action litigation, and has served as lead or co-lead counsel in some of the largest antitrust, securities, consumer, product liability, and employment class actions and complex litigations throughout the country, including *eBooks*, *In re: General Motors Ignition Switch Litigation,* MDL No. 2543 (S.D.N.Y.), *In re Visa*

---

[16] *Frame-Wilson, et al. v. Amazon*, Case No. 20-cv-424 (W.D. Wash.).

[17] *See In re Interest Rate Swaps Antitrust Litig.*, 2016 U.S. Dist. LEXIS 101959, at *27-28 (S.D.N.Y. Aug. 3, 2016) (appointing as lead counsel firms that "filed the first class action complaint on behalf of" plaintiffs and "undert[ook] an independent investigation" including "consult[ing] leading experts"); *Buonasera v. Honest Co.*, 318 F.R.D. 17, 18-19 (S.D.N.Y. 2016) (appointing as interim lead counsel firm that "conducted the first and . . . most exhaustive investigation [of relevant] products", "analyzed the ingredients at issue, researched relevant case law, . . . reviewed publicly available information regarding [defendant's] products[,]" and "filed the initial complaint on behalf of Plaintiffs").

[18] Berman Decl., ¶ 7.

- 5 -

*Check/MasterMoney Antitrust Litigation,* Case No. CV-96-5238 (E.D.N.Y.), and *In Re Inclusive Access Course Materials Antitrust Litigation,* MDL No. 2946 (S.D.N.Y.).[19]

HBSS is a demonstrated leader in complex class action litigation, known for pioneering cutting-edge cases, applying its dedication and knowledge to pursue innovative theories and strategies, and delivering results. The firm has led the fight for consumers in antitrust cases for more than two decades, winning billions of dollars for the classes it has had the privilege to represent. For example, in the historic litigation against the tobacco industry, Hagens Berman represented 13 states, advanced groundbreaking legal claims, and served as co-lead trial counsel to secure a global settlement worth $206 billion, still the largest recovery in history.[20]

### 3.   Rule 23(g)(1)(A)(iii) (knowledge of applicable law)

Hagens Berman has extensive experience and expertise in antitrust law. Along with the cases previously mentioned, Hagens Berman attorneys have been appointed lead, co-lead, or liaison counsel in numerous other antitrust cases. HBSS attorneys have been appointed lead, co-lead, or liaison counsel in numerous additional antitrust litigation matters, including:[21]

- *In Re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792 (N.D. Cal.);

- *Cameron, et al. v. Apple Inc.*, Case No. 3: 19-cv-03074 (N.D. Cal.);

- *In Re: National Collegiate Athletic Association Athletic Grant-In-Aid Cap Antitrust Litig.*, Case No. 4:14-md-02541-CW (N.D. Cal.);

- *In re Lithium Ion Batteries Antitrust Litig.*, Case No. 13-md-02420 (N.D. Cal.);

---

[19] *Id.*, ¶ 10.

[20] *Id.*

[21] *Id.*, ¶ 11.

- 6 -

- *In re Pork Antitrust Litig.*, Case No. 1:18-cv-01776 (D. Minn.);

- *In re Loestrin 24 FE Antitrust Litig.*, Case No. 13-md-2472 (D.R.I.);

- *In re Optical Disk Drive Antitrust Litig.*, Case No. 10-md-02143 (N.D. Cal.);

- *In re Animation Workers Antitrust Litig.*, Case No. 14-cv-4062 (N.D. Cal.);

- *In re Broiler Chicken Antitrust Litig.*, Case No. 1:16-cv-08637 (N.D. Ill.);

- *In re Nexium (Esomeprazole) Antitrust Litig.*, Case No. 12-md-02409 (D. Mass.);

- *In re Celebrex (Celecoxib) Antitrust Litig.*, Case No. 14-cv-00361 (E.D. Va.);

- *Staley, et al. v. Gilead Sciences, Inc., et al.* Case No. 3:19-cv-02573 (N.D. Cal);

- *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, Case No. 14-md-02503 (D. Mass.);

- *In re Ranbaxy Generic Drug Application Antitrust Litig.*, Case No. 19-md-2878 (D. Mass.); and

- *In re Glumetza Antitrust Litig.*, Case No. 3:19-cv-05822 (N.D. Cal.).

In the event of recovery, Hagens Berman also has experience structuring class member settlement notices and recovery distributions in creative ways that maximize participation rates and reach class members. For example, in *In re Lithium Ion Batteries Antitrust Litigation*, No. 13-md-2420 (N.D. Cal.), and *In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 10-2143 (N.D. Cal.), courts have preliminarily approved HBSS's plan to allow claimants to receive their payments directly into digital accounts, such as PayPal or Google Wallet.[22]

---

[22] *Id.*, ¶ 13; *See* FAQs, Reverse the Charge: Lithium Ion Batteries Antitrust Litigation, *available at* http://www.reversethecharge.com/faqs; FAQs, Dollars for Disk Drives: The Official Optical Disk Drive Antitrust Settlement Site, *available at* http://www.dollarsfordiskdrives.com/faqs.

- 7 -

4.      **Rule 23(g)(1)(A)(iv) (resources that counsel will commit)**

Hagens Berman has the human and financial resources necessary to prosecute a time-consuming and resource-intensive case like this and commits to providing those resources here. Hagens Berman is no stranger to cases of this magnitude, as the firm regularly invests millions of dollars in cases against the largest and wealthiest corporations and law firms in the world. Hagens Berman's attorneys and staff, spread over eight offices, are driven by the desire to make a difference in people's lives through groundbreaking and innovative litigation. The firm stands ready to devote its resources, expertise, and passion here.[23]

The strength of this motion is further demonstrated by the willingness of numerous highly qualified, experienced, and talented firms to step back from applying for a leadership role for themselves.

## IV.      CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' unopposed motion to appoint Hagens Berman as Interim Lead Counsel for the proposed class.

DATED this 23rd day of February, 2021        Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP


By: /s/ Steve W. Berman
        Steve W. Berman (*pro hac vice*)
Barbara A. Mahoney (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: 206-623-7292
Facsimile: 206-623-0594
steve@hbsslaw.com
barbaram@hbsslaw.com

---

[23] Berman Decl., ¶ 12 and Ex. A.

Nathaniel Tarnor (4742797)
HAGENS BERMAN SOBOL SHAPIRO LLP
322 8th Avenue, Suite 802
New York, NY 10001
Telephone: 212-752-5455
Facsimile: 917-210-3980
Nathant@hbsslaw.com

Joseph M. Vanek (*pro hac vice*)
Paul E. Slater (*pro hac vice*)
Matthew T. Slater (*pro hac vice*)
SPERLING & SLATER, P.C.
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200
jvanek@sperling-law.com
pes@sperling-law.com
mslater@sperling-law.com

*Attorney for Plaintiffs Shannon Fremgen,*
*Mary Christopherson-Juve, Denise Deleon, Sandra*
*Wilde, Michael Wilder, and the*
*Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2021, I electronically transmitted the foregoing

document to the Court Clerk using the ECF System for filing. The Clerk of the Court will

transmit a Notice of Electronic Filing to all ECF registrants.

*/s/ Steve W. Berman*
_____
STEVE W. BERMAN
