# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

October 14, 2021

**VIA ECF**

Magistrate Judge Debra C. Freeman
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   (1) *In Re Amazon.com, Inc. eBook Antitrust Litigation*, 1:21-cv-00351
      (2) *Bookends & Beginnings LLC v. Amazon, et al.*, 1:21-cv-02584

Dear Magistrate Judge Freeman:

I write on behalf of all Defendants in the above-referenced cases in support of Defendants' proposed discovery schedules in each case, which were submitted to Your Honor on October 14, 2021 [ECF No. 109; ECF No. 86][1]. There is a disagreement between the Parties that hinges on whether the Parties should continue to adhere to their joint *Parties' Proposed Discovery Schedule(s) In The Event The Court Denies Defendants' Motion To Stay Discovery*," [ECF No. 91; ECF No. 67] or whether discovery should be fully open as of October 7, 2021.

On July 13, 2021, Your Honor held a status conference to discuss, among other things, Defendants' proposed motions to stay discovery in both cases pending a ruling on Defendants' motions to dismiss. Although there is no transcript of the hearing, our contemporaneously prepared notes state that Your Honor said the following:

> Here is what I am going to do. I don't think I have a discovery plan that is a product of an actual discussion between the Parties. Right now, all I have is that Plaintiffs think discovery should go forward and Defendants think it should be stayed. <u>So you should put your heads together and consider that, based on the

---

[1] ECF cites in this Letter are as follows. The first ECF No. refers to the proceedings in 1:21-cv-00351. The second ECF No. refers to the proceedings in 1:21-cv-02584.

CADWALADER

Magistrate Judge Debra C. Freeman
October 14, 2021

> scope of the case and how long it will take, you should get started on discovery. I'm not adverse to the idea of holding off on some aspects of discovery. But if there are documents, start with documents. Start with interrogatories. Things that would not be particularly burdensome. Narrow timeline. I'm looking for cost savings measures that can get yourselves focused. I think it would be useful for Defendants to have that conversation, instead of me deciding to not stay discovery and then Defendants not having a fallback. Admittedly, I have not read all the papers submitted. And it's possible I may think all discovery should be stayed. But you should talk about a fallback plan. What is most important for getting yourselves in a position to talk resolution. And maybe you need briefing and a resolution of a motion to dismiss before you talk settlement. But it's possible you may not, and possible these things will be teased out in a settlement conference. So see if you can submit a joint proposal that isn't all or nothing, and one that I can work with. (Contemporaneous Notes of Zack Schrieber, Cadwalader, Wickersham & Taft LLP, *emphasis added*.)

Following Your Honor's instructions, Defendants and Plaintiffs met-and-conferred in good faith on July 21, 2021 and continued negotiations afterward via email. The negotiations culminated in the joint *Parties' Proposed Discovery Schedule(s) In The Event The Court Denies Defendants' Motion To Stay Discovery*, in which the Parties agreed to serve and respond to a compromise, calibrated and specific set of mutual discovery in the event the Court denied Defendants' motions to stay discovery. The only issue on which the Parties disagreed was if Defendants would be required to produce documents provided to the Connecticut Attorney General's office related to its investigation of Amazon's eBook agreements with publishers. Since that time, the Parties have proceeded along this schedule on the understanding that it is operative and would constitute the extent of discovery until resolution of the motions to dismiss.

On October 7, 2021, Your Honor issued an *Order* (the "Order") denying Defendants' motions to stay discovery in their entirety and requiring the Parties to submit a "revised proposed schedule for the completion of discovery" [ECF No. 108; ECF No. 85]. Your Honor's Order should have automatically put into place the *Parties' Proposed Discovery Schedule(s) In The Event The Court Denies Defendants' Motion To Stay Discovery* as a binding stipulation, with the Parties discussing and agreeing on discovery proceedings beginning after resolution of the motions to dismiss. The Parties have conferred and are in agreement with respect to proposed post-motion to dismiss ruling discovery, but Plaintiffs wish to renege on their agreement and open up discovery fully now. That should not be permitted. Accordingly, Defendants

**CADWALADER**

Magistrate Judge Debra C. Freeman
October 14, 2021

respectfully request that Your Honor enter Defendants' proposal contained within the proposed discovery schedule submitted on October 14, 2021.

Dated: October 14, 2021

                                    Respectfully submitted,

                                    By: */s/ Joel Mitnick*
                                    Joel Mitnick

                                    *Counsel for Defendant Macmillan Publishing Group, LLC.*

cc: Honorary Gregory H. Woods, U.S. District Court Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: All Counsel of Record (via ECF)

**CADWALADER**

Magistrate Judge Debra C. Freeman
October 14, 2021

### CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing to be served via ECF on all counsel of record.

At New York, New York, on the 14th day of October, 2021.

By: */s/ Joel Mitnick*
Joel Mitnick