

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WA  98101
www.hbsslaw.com
**Direct (206) 268-9320**
steve@hbsslaw.com

T 206.623.7292   F 206.623.0594

October 18, 2021

**VIA ECF**

Honorable Debra C. Freeman
Magistrate Judge
United States District Court for the
  Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *In Re Amazon.com, Inc. eBook Antitrust Litigation*, 1:21-cv-00351;
*Bookends & Beginnings LLC v. Amazon, et al.*, 1: 21-cv-02584

Dear Judge Freeman:

      Plaintiffs in the above-referenced related cases submit this letter in response to the October 14, 2021 letter brief filed by Defendants. [ECF 110; ECF 87.[1]] For several reasons, Plaintiffs' cannot agree with Defendants' representation that the parties' joint supplemental 26(f) submissions [ECF 81 and ECF 67] represent a "binding stipulation" on the scope of permissible discovery and therefore categorically reject Defendants' charge that Plaintiffs have "reneged" on any purported agreement. [ECF 110; ECF 87.]

      First, Defendants never requested a limited stay. At the parties' 26(f) conference, Defendants took the position that the Court should stay all discovery and declined to discuss preservation of documents, scope of discovery, scheduling, and the filing of a protective order and discovery protocols. [ECF 82 at 16.] Because the parties could not agree on a discovery schedule, Plaintiffs argued against any limitation on discovery and Defendants advocated for a complete stay. [ECF 82 at 15-21 and 24.] Defendants

---

[1] Throughout this letter, single ECF references refer to the docket number in *In Re Amazon.com, Inc. eBook Antitrust Litigation*, 1:21-cv-00351, and where there are dual references, the first reference refers to that docket and the second to the docket number in *Bookends & Beginnings LLC v. Amazon, et al.*, 1:21-cv-02584.

October 18, 2021
Page 2

concurrently filed a pre-motion letter in support of a complete stay [ECF 83] and Plaintiffs opposed any stay. [ECF 84.]

Second, the Court did not order the parties to enter a stipulation for limited discovery. The Court acknowledged at the initial case management conference that it had not reviewed the parties' letter briefs on the proposed stay and therefore had no basis to determine whether a stay—full or partial—was warranted.

Third, the joint supplemental 26(f) filing—ordered before any consideration of the merits of Defendants' stay motion—does not represent the parties' middle ground. The Court ordered the filing to identify *any* areas of agreement, but it also expressly ordered the parties *not* to submit any argument for or against additional discovery. With no repercussions for rejecting discovery, the areas of agreement were minimal. The parties agreed only to a conditional schedule (dependent on the Court's denial of the Defendants' stay motion) for submitting a stipulated protective order and discovery protocol and to service of an RFP limited to a one-month sample of sales data and to interrogatories limited to questions about data. [ECF 81 and ECF 67.] Had the Court intended for the parties to enter into a stipulation on the scope of permissible discovery, it would have provided guidelines to ensure a fair process that balanced the parties' respective interests.

Fourth, the parties' letter briefs, with their respective requests for all or nothing, provided the sole basis for the Court to evaluate the scope of permissible discovery. When the Court denied Defendants' motion to stay, it did not identify any discovery that was outside the bounds of permissible discovery. [ECF 83 and ECF 68.]

Fifth, after denying the stay motion, the Court ordered the parties to submit a discovery schedule. [ECF 83 and ECF 68.] Had the Court intended the parties' supplemental 26(f) filing to serve as a stipulation of limited discovery, as the Defendants propose, there would be no need for the parties to submit a discovery schedule.

Given the parties widely differing views on the scope of permissible discovery, Plaintiffs therefore request clarification of the Court's Order.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

SWB:bam

010888-12/1686228 V1