UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/19/21

-------------------------------------------------------------------- X
                       :

BOOKENDS & BEGINNINGS LLC,         :
                       :

             Plaintiff,   :            ORDER
                       :

            -v -        :

AMAZON.COM, INC., HACHETTE BOOK   :     1:21-cv-02584-GHW-DCF
GROUP, INC., HARPERCOLLINS PUBLISHERS:
L.L.C., MACMILLAN PUBLISHING GROUP,  :
LLC, PENGUIN RANDOM HOUSE LLC, and :
SIMON & SCHUSTER, INC.         :

           Defendants.  :

                       :

IN RE AMAZON.COM, INC. EBOOK    :     1:21-cv-00351-GHW-DCF
  ANTITRUST LITIGATION        :

                       :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

The defendants in these related cases object to Magistrate Judge Freeman's decision not to stay discovery pending the resolution of their motions to dismiss. Because Judge Freeman did not err as a matter of law and did not abuse her discretion, the defendants' objections are overruled.

## I.    Background

The Court referred these related cases to Judge Freeman for general pre-trial supervision, including scheduling, discovery and non-dispositive pretrial motions. Dkt. No. 5 in Case No. 1:21-cv-00351 and Dkt. No. 31 in Case No. 1:21-cv-02584. On May 26, 2021, the Court also referred dispositive motions to Judge Freeman in Case No. 1:21-cv-02584. Dkt. No. 48. The defendants in both cases have moved to dismiss their respective actions under Rule 12(b)(6). Dkt. Nos. 96, 98 in Case No. 1:21-cv-00351 and Dkt. Nos. 75, 77 in Case No. 1:21-cv-02584. The defendants moved to stay discovery pending the outcome of their motions to dismiss. Dkt. No. 83 in Case No. 1:21-cv-

00351 and Dkt. No. 68 in Case No. 1:21-cv-02584.  Judge Freeman denied the defendants' requests

for a stay of discovery.  Dkt. No. 108 in Case No. 1:21-cv-00351 and Dkt. No. 85 in Case No. 1:21-

cv-02584 ("Judge Freeman's Orders").  In denying the defendants' requests, Judge Freeman

concluded that a stay was "not warranted, given that the motions to dismiss are not based on any

lack of jurisdiction or statute of limitations defense, but rather on supposed pleading deficiencies,

which may be capable of being remedied" and because "issues relating to the breadth and burden of

discovery do not, in themselves, justify the delay of discovery in this action."  Judge Freeman's

Orders.

The defendants objected to Judge Freeman's orders and asked this Court to enter a stay of

discovery.  Dkt. No. 115 in Case No. 1:21-cv-00351 and Dkt. No. 91 in Case No. 1:21-cv-02584

("Defendants' Objections").  They argue that her orders are "contrary to law under Rule 72(a)

because they failed to apply the appropriate Rule 26(c) 'good cause' standard for determining

whether to stay discovery pending a motion to dismiss . . . ."  *Id.* at 2.  On October 28, 2021, the

plaintiffs filed their opposition to the defendants' objections, arguing that a district court "may not

disturb a magistrate's discovery order merely because reasonable minds might have reached a

different outcome."  Dkt. No. 117 in Case No. 1:21-cv-00351 and Dkt. No. 99 Case No. 1:21-cv-

02584 ("Plaintiffs' Oppositions").  The defendants filed their replies on November 2, 2021.  Dkt.

No. 124 in Case No. 1:21-cv-00351 and Dkt. No. 104 Case No. 1:21-cv-02584 ("Defendants'

Replies").

## II.     Legal Standard

An objection directed at non-dispositive matters decided by the assigned magistrate judge,

such as scheduling requests or discovery orders, will not be "modified" or "set aside" unless the

magistrate judge's ruling is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

"[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal

is appropriate only if their discretion is abused." *Williams v. Rosenblatt Securities, Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (citing *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)); *see also Marotte v. City of New York*, 2017 WL 11105223, at *1 (S.D.N.Y. Oct. 6, 2017) ("[M]agistrate judges are afforded broad discretion in resolving non-dispositive disputes, including matters of scheduling."). "A court abuses its discretion when '(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions.'" *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 14-cv-8175-LGS, 2018 WL 745994, at *1 (S.D.N.Y. Feb. 6, 2018) (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *McFarlane v. First Unum Life Ins. Co.*, 16-cv-7806-RA, 2017 WL 4564928, at *2 (S.D.N.Y. Oct. 12, 2017) (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, 14-cv-9792, 2016 WL 4530890, at *1 (S.D.N.Y. Mar. 24, 2016)). A magistrate judge's order is clearly erroneous where "'on the entire evidence,' [the district court] is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

"It is well-settled that the issuance of a stay of discovery pending the outcome of a motion to dismiss is by no means automatic." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (internal quotation marks omitted). "'Upon a showing of good cause a district court has considerable discretion to stay discovery' pursuant to Rule 26(c)." *Delgado v. NJ Transit Rail Operations, Inc.*, 329 F.R.D. 506, 508 (S.D.N.Y. 2019) (quoting *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)). The moving party bears the burden of showing good cause. *Republic of Turkey*, 316 F. Supp. 3d at 677.

"When a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; they include the following:  (1) a strong showing, by the defendants, that the plaintiffs' claim(s) lacks merit; (2) the breadth of the discovery demanded and the burden of responding to it; and (3) the risk of unfair prejudice to the plaintiff." *Kassover v. UBS A.G.*, No. 08-cv-2753 LMM-KNF, 2008 WL 5395942, at *4 (S.D.N.Y. Dec. 19, 2008).

III.    **Discussion**

Judge Freeman's denial of the defendants' request for a stay pending the resolution of the motions to dismiss was neither an abuse of discretion nor contrary to law.  Whether or not to stay discovery for good cause falls within the sound discretion of the court.  *See Kassover*, 2008 WL 5395942, at *2 ("Where, as here, a motion to dismiss has been made, a court *may* exercise its discretion and direct that discovery be stayed.") (emphasis added).  The defendants argue that Judge Freeman's Orders are contrary to law because they do not "make any finding with respect to the governing 'good cause' standard . . . ."  The Defendants' Objections at 4.

Although Judge Freeman's Orders did not invoke the phrase "good cause" from Rule 26(c), the decision by Judge Freeman—an experienced jurist—not to include that totemic phrase does not lead the Court to conclude that she failed to apply the appropriate standard.  Her orders make clear that she considered the relevant factors and applied them when ruling on the defendants' motions. She denied the defendants' motions on the basis of two factors:  the nature of the pending motions to dismiss and the burden of discovery.  Judge Freeman's Orders.  These are the principal factors courts use to evaluate whether there is good cause to stay discovery.  *See e.g.*, *Gandler v. Nazarov*, No. 94 CIV. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (finding good cause to grant a stay where the pending motion is potentially dispositive because it is "based on lack of personal jurisdiction"); *Boelter v. Hearst Commc'ns, Inc.*, No. 15 CIV. 03934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting a stay where discovery is broad and the burden to respond is

likely "substantial" and where the defendants' "proffered grounds for dismissing the action pose strictly legal questions"). The defendants acknowledge that these are among the relevant considerations in evaluating good cause. *See* Defendants' Objection at 4 (noting that the "breadth of discovery and the burden of responding to it, as well as the strength of the underlying motion" are among the factors a court should consider). Judge Freeman's decision not to specifically invoke Rule 26, or the talisman "good cause," does not reflect error, given that she clearly balanced the relevant factors in reaching her conclusion.

At base, the defendants disagree with how she evaluated the relevant factors. *See id.* at 9 ("The Orders also do not properly evaluate the breadth of the discovery sought by the plaintiffs or the burden on Defendants . . . ."). The defendants offer several compelling reasons why a stay in this instance might be appropriate. However, a "showing that reasonable minds may differ on the wisdom of granting the defendant's motion is not sufficient to overturn a magistrate judge's decision." *Edmonds v. Seavey*, No. 08 CIV. 5646 (HB), 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009) (internal quotation marks omitted). The Court is not reviewing this decision de novo. Judge Freeman's ruling fell "within the range of permissible decisions." *Royal Park Investments*, 2018 WL 745994, at *1. And her choice not to use the phrase "good cause" in her orders does not reveal an error of law given that she balanced the relevant factors in reaching her conclusion.[1]

---

[1] The court observes that the defendants raised arguments in support of their request for a stay that were not thoroughly presented to Judge Freeman. The Court's ruling here does not bar further applications to the magistrate judge for the requested relief.

**IV.**      **Conclusion**

For the reasons set forth above, the defendants' objections to Judge Freeman's Orders are

overruled.

SO ORDERED.

Dated:  November 19, 2021
          New York, New York

_____
GREGORY D. WOODS
United States District Judge