**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AMAZON.COM, INC. EBOOK ANTITRUST LITIGATION | No. 1:21-cv-00351-GHW-DCF<br><br>[PROPOSED] STIPULATED ORDER  *DF*<br>RE: DISCOVERY OF<br>ELECTRONICALLY STORED<br>INFORMATION AND GENERAL<br>DISCOVERY PROTOCOLS |

## TABLE OF CONTENTS

**Page**

ESI AND GENERAL DISCOVERY

PROTOCOL ...................................................................................................................................1

    A.     PURPOSE ........................................................................................................................1

    B.     COOPERATION .............................................................................................................1

    C.     PRESERVATION ...........................................................................................................1

    D.     SEARCH AND REVIEW ...............................................................................................2

    E.     PRODUCTION FORMATS ...........................................................................................2

    G.     PHASING .......................................................................................................................3

    H.     DOCUMENTS PROTECTED FROM DISCOVERY ...................................................3

    I.     LIMITED 28 U.S.C. § 1920 WAIVER ..........................................................................4

    J.     MODIFICATION ...........................................................................................................4

APPENDIX A  PRODUCTION FORMAT PROTOCOL ..............................................................1

I.     DEFINITIONS ...............................................................................................................1

II.     OVERVIEW ..................................................................................................................2

III.     FORMAT FOR PRODUCTION ..................................................................................2

IV.     METADATA FIELDS ...................................................................................................8

# ESI AND GENERAL DISCOVERY PROTOCOL

**A.  PURPOSE**

Unless otherwise agreed to by the parties or ordered by the Court, this Stipulated Order Re: the Discovery of Documents and Electronically Stored Information (the "Protocol") will govern discovery of electronically stored information ("ESI") and other documents in the litigation as a supplement to the Federal Rules of Civil Procedure, this Court's Local Rules, and any other applicable orders and rules.

**B.  COOPERATION**

The parties agree to cooperate regarding the production of documents and ESI as required by this Court's Local Civil Rule 26.4.

**C.  PRESERVATION**

The parties understand their preservation obligations and needs, and they agree that preservation of potentially relevant documents and ESI will be reasonable and proportionate. Given the nature and complexity of this action, the parties agree to address methods to reduce the costs and burdens of preservation and to ensure proper ESI is preserved. The parties will meet and confer and either jointly submit proposed agreements and protocols or otherwise provide Magistrate Judge Freeman with an update as to the status of negotiations by November 30, 2021, regarding:

   1)   Description of data from sources that are not reasonably accessible and that will not be reviewed for responsiveness or produced, but that will be preserved pursuant to Federal Rule of Civil Procedure 26(b)(2)(B);

   2)   Data from sources that either party believe could contain relevant information but is not discoverable and should not be preserved, upon balancing the proportionality factors;

3) Systems, if any, that contain ESI not associated with individual custodians that will be preserved; and

4) Any disputes related to scope or manner of preservation.

**D.   SEARCH AND REVIEW**

The parties shall meet and confer as early as possible to discuss, *inter alia*:

1) Disclosure of search terms used to search for documents responsive to document requests; and

2) Potential use of computer-assisted review or predictive coding techniques.

The parties will meet and confer, prior to the application of search terms to find documents responsive to party document requests, and will review any search terms proposed and/or requested by the parties. The parties will continue to meet and confer regarding any search process issues as necessary and appropriate, including any supplemental requests to add additional search terms based on supplemental document productions by either party. If the Receiving Party has reason to believe that a production is missing relevant ESI or contains substantial amounts of irrelevant ESI, the parties agree to promptly meet and confer regarding potential quality control methods that the Producing Party can implement.

This ESI protocol does not address or resolve any other objection to the scope of the parties' respective discovery requests.

**E.   PRODUCTION FORMATS**

The parties will make a good faith effort to produce documents, if reasonably feasible, in accordance with the production format set forth in Appendix A, attached hereto. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents and can set forth any agreements on variances in

writing. In conformance with Appendix A, the parties agree not to degrade the searchability and metadata of ESI and documents produced in this matter when reasonably feasible.

**F.     PHASING**

When a party propounds discovery requests pursuant to Federal Rule of Civil Procedure 34, the parties agree to make best efforts to phase ESI production where reasonably necessary, and that they will meet and confer to discuss whether certain categories of information can be prioritized over other categories. Subject to any attorney-client privilege or work product objections, the parties further agree to meet and confer regarding the sources of the parties' document productions and the identification of relevant custodians. Following the initial production, the parties will continue to prioritize the order of parties' document productions.

**G.     DOCUMENTS PROTECTED FROM DISCOVERY**

    1)    For any document withheld in its entirety or produced but redacted on the basis of privilege or work product protections, the party withholding the document(s) (the "Withholding Party") will produce privilege/redaction logs.

    2)    Privilege logs shall be in Excel format or any other format that permits electronic sorting and searching. When there is a chain of privileged e-mails, the Withholding Party need only include one entry for the top/most recent email on the privilege/redaction log for the entire e-mail chain and need not log each e-mail contained in the chain separately.  Unless otherwise agreed to by the parties, privilege/redaction logs shall be produced within 45 days of the production.

    3)    Pursuant to Federal Rules of Evidence 502(b) and 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not an automatic waiver of privilege or protection from discovery in

- 3 -

this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding, and the Parties agree that the standards set forth in Federal Rules of Evidence 502(b) and 502(d), as applicable, shall apply.

4) Communications involving trial counsel that postdate the filing of the initial complaint need not be placed in a privilege log.

5) Communications may be identified on a privilege log by category, rather than individually, if appropriate.

H. **LIMITED 28 U.S.C. § 1920 WAIVER**

In consideration of the parties' agreed upon Protocol, the Producing Party agrees not to seek the reimbursement of any or all of the Producing Party's costs relating to the production, storage, and maintenance of its ESI. Nothing herein constitutes an acknowledgement (implicit or otherwise) by any party that ESI-related costs are taxable under 28 U.S.C. § 1920.

I. **MODIFICATION**

This Order may be modified by stipulation of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED.**

DATED this 1st day of November, 2021

                                  HAGENS BERMAN SOBOL SHAPIRO LLP

                                  By: */s/ Steve W. Berman*
                                      Steve W. Berman (*pro hac vice*)
                                  Barbara A. Mahoney (*pro hac vice*)
                                  1301 Second Avenue, Suite 2000
                                  Seattle, WA 98101
                                  Telephone: 206-623-7292
                                  Facsimile:  206-623-0594
                                  steve@hbsslaw.com
                                  barbaram@hbsslaw.com

                                  *Interim Lead counsel for the proposed Class, attorneys for Plaintiffs Shannon Fremgen, Mary Christopherson-Juve, Denise Deleon, Sandra Wilde, Michael Wilder*

                                  Joseph M. Vanek (*pro hac vice*)
                                  Paul E. Slater (*pro hac vice*)
                                  Matthew T. Slater (*pro hac vice*)
                                  SPERLING & SLATER, P.C.
                                  55 W. Monroe Street, Suite 3200
                                  Chicago, IL 60603
                                  Telephone: 312-641-3200
                                  jvanek@sperling-law.com
                                  pes@sperling-law.com
                                  mslater@sperling-law.com

                                  *Attorney for Plaintiffs Shannon Fremgen, Mary Christopherson-Juve, Denise Deleon, Sandra Wilde, Michael Wilder, and the Proposed Class*

                                  WILLIAMS & CONNOLLY LLP

                                  By: */s/ John E. Schmidtlein*
                                     John E. Schmidtlein
                                  Jonathan B. Pitt (#JP0621)
                                  725 Twelfth Street, N.W.
                                  Washington, DC 20005
                                  Telephone: (202) 434-5000
                                  Facsimile: (202) 434-5029

jschmidtlein@wc.com
jpitt@wc.com

*Attorneys for Defendant Amazon.com, Inc.*

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: */s/ Rich Snyder*
    Rich Snyder
700 13th Street, N.W., 10th Floor.
Washington, DC 20005
Telephone: (202) 777-4565
Facsimile: (202) 507-5965
richard.snyder@freshfields.com

*Attorneys for Defendant Hachette Book Group*


ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ C. Scott Lent*
    C. Scott Lent
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8220
Facsimile: (212) 836-8689
scott.lent@arnoldporter.com

*Attorney for Defendant HarperCollins Publishers LLC*

CADWALADER, WICKERSHAM & TAFT LLP

By: */s/ Joel Mitnick*
    Joel Mitnick
Zachary P. Schrieber
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6555
Facsimile: (212) 504-6666
joel.mitnick@cwt.com
zack.schrieber@cwt.com

*Counsel for Defendant Macmillan Publishing Group, LLC*

- 6 -

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Jennifer B. Patterson*
    Jennifer B. Patterson
Saul P. Morgenstern
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-7210
Facsimile: (212) 836-8689
saul.morgenstern@arnoldporter.com
jennifer.patterson@arnoldporter.com

*Attorneys for Defendant Penguin Random House LLC*


WEIL, GOTSHAL & MANGES LLP

By: */s/ Yehudah L. Buchweitz*
    Yehudah L. Buchweitz
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8256
Facsimile: (212) 310-8007
yehudah.buchweitz@weil.com

Jeff L. White
2001 M Street, N.W.
Washington, DC 20036
Telephone: (202) 682-7059
Facsimile: (202) 857-0940
jeff.white@weil.com

*Attorneys for Defendant Simon & Schuster, Inc.*

- 8 -

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 4/15/2022        *[signature]*

Hon. Debra Freeman
United States Magistrate Judge

# APPENDIX A

# PRODUCTION FORMAT PROTOCOL

## I. DEFINITIONS

**A.  The following definitions and terms shall apply in this Appendix A:**

1. "Document" carries its broad meaning consistent with Fed. R. Civ. P. 34 and includes ESI and hard copy/paper material. A draft or non-identical copy is a separate Document within the meaning of this term.

2. "ESI" means electronically stored information, and carries a broad meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001.

3. "Extracted Text" means the text extracted from a Native File, and includes all header, footer, and document body information.

4. "Load File" means a load utilization file, which is an electronic file containing information identifying a set of paper-scanned images or processed ESI, and containing: (i) an indication of which individual pages or files constitute each Document, including attachments, and links to the Static Images associated with each Document; (ii) links to any Native Files, where native files are being produced, including attachments, associated with each Document; and (iii) data relevant to each individual Document, including extracted and user-created Metadata and coded data.

5. "Metadata" means: (i) information associated with or embedded in a Native File that does not constitute the primary content region of the file; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

6. "Native File" or "Native Format" refers to ESI that is produced in the format in which it was maintained (e.g., an Excel document produced in .xls format would be produced in native format).

7. "OCR" means the optical character recognition file that is created by software used in conjunction with a scanner that is capable of reading text-based documents and making such documents text searchable using appropriate software.

8. "Producing Party" means the party producing Documents in response to any request for production of documents pursuant to Fed. R. Civ. P. 34(a) or for any other reason.

9. "Receiving Party" means the party receiving a production of Documents in response to any request for production of document(s) pursuant to Fed. R. Civ. P. 34(a) or for any other reason.

10. "Static Image(s)" means a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard document review systems. Tagged Image File Format (TIFF) and Portable Document Format (PDF) images are examples of Static Images.

## II. OVERVIEW

**A. The production format has four main components.**

1. A directory containing images of every page of every Document in the production, Bates-numbered sequentially.

2. A directory containing Native Files for a subset of the Documents, each file named with the Bates number of the first page of the Document it represents and the confidentiality designation being used, with no additional text beyond this, and with the same extension as the original Native File type of the Document.

3. A directory containing OCR or Extracted Text files, one file per Document, each file named with the Bates number of the first page of the Document it represents with no additional text beyond this, followed by ".txt" suffix.

4. A Load File containing Bates ranges and Metadata for each Document.

## III. FORMAT FOR PRODUCTION

A. <u>Commencement of Production.</u> The production of Documents shall proceed at such time, place, and in such sequence as allowed under the Federal Rules of Civil Procedure, as agreed to by the parties, or permitted by the Court.

B. <u>General Format of Production.</u> Documents that are produced in these proceedings, whether originally stored in paper or electronic form, shall be produced in electronic image form, in the manner described in Section III.C., below, where reasonably feasible. Notwithstanding the foregoing provisions of this paragraph, the parties reserve the right to request that an alternative format or method of production be used for certain Documents, if such Documents are not susceptible to production in the format or methods of production addressed herein. In that event,

the parties will meet and confer to discuss alternative production requirements, concerns, formats, or methods.

  C. <u>Production Format.</u> All documents shall be produced in the following formats when reasonably feasible:

   1. <u>Electronic Production of Paper Documents.</u> Documents that are maintained in paper format shall be scanned as document level PDF files or black and white images at 300 x 300 dots per inch (DPI) or greater resolution, in single-page Group IV TIFF format, and shall reflect the full and complete information contained in the original Document. Hard copy Documents shall be produced with associated OCR files at the same time that the PDF or TIFF files are produced and with a Load File that includes at least the following Metadata fields: Begin Bates; End Bates; Begin Family; End Family; Pages; TextPath; Placeholder; File Extension; Custodian; All Custodians; Confidentiality; and Redacted, as those fields are described in Section IV, below. When subjecting physical documents to an OCR process, the settings of the OCR software shall maximize text quality over process speed. Any settings such as "auto-skewing" or "auto-rotation," should be turned on when documents are run through the process. Paper Documents that contain fixed notes shall be scanned with the notes affixed, if it can be done so in a manner so as not to obstruct other content on the document. If the content of the Document is obscured by the affixed notes, the Document and notes shall be scanned separately.

   2. <u>Production of Electronically Stored Information (ESI).</u> Unless otherwise specified, Document images shall be generated from electronic Documents in a set of document level PDF or single page Group IV TIFF images that reflect the full and complete information contained on the original Document. In the event a Document is redacted, the Producing Party shall withhold the redacted text for that Document. The failure to withhold such text for a redacted Document by a Producing Party shall not be deemed a waiver of the privilege associated with that Document.

   3. <u>File Structure.</u> The Producing Party shall produce the following sets of files with each production.

    a. <u>Load File.</u>

     (1) Each production has one load file, in "Concordance" style .DAT format.

     (2) Values must be enclosed by þ (ASCII Decimal 254).

     (3) Values must be separated by the "Device Control 4" character, ASCII decimal 20.

(4) First line must contain the column/field names (set forth in Section IV, below).

(5) The fields Begin Bates and End Bates must be present, and the first fields listed in the load file.

(6) The field NativePath must be present if native files are included in the document production.

(7) Each subsequent row must contain the Metadata for one Document.

(8) Every row must have the same number of columns/fields (empty values are acceptable).

(9) Text must be encoded in UTF-8.

(10) File should be placed in the root directory or a directory labeled "DATA."

b. <u>OCR and Extracted Text Files (.TXT Files).</u>

(1) A single text file for each Document containing all the Document's pages, in text.

(2) Pages separated by form feed character (decimal 12, hex 0xC).

(3) Filenames should be of the form: <Bates num>.txt, where <Bates num> is the Bates number of the first page of the Document.

(4) Text must be encoded in UTF-8.

(5) Files should be placed in a directory labeled "TEXT."

c. <u>Image Files.</u>

(1) Document level PDF or Single-page Group IV TIFF images for each Document, containing all images for that document.

(2) Filenames should be of the form: <Bates num>.<ext>, where <Bates num> is the BATES number of the first page of the document (i.e., the "Begin Bates" number), and <ext> is the appropriate extension for the image format (.pdf or .tiff).

(3) Files should be placed in the "IMAGES" subdirectory.

4. <u>Illegible Documents.</u> Documents that cannot be read because of imaging or formatting problems, or because they are password-protected, shall be promptly

- 4 -

identified by the Receiving Party. The Producing Party and the Receiving Party shall meet and confer to attempt to resolve problem(s).

5. <u>Native Format Documents.</u> The parties recognize that it may be appropriate for certain Documents to be produced in Native Format, such as spreadsheets, engineering drawings, presentations or slides, and audio and video files. In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the Native File. The Receiving Party may request that the Producing Party produce additional file types of electronic Documents in Native Format where the converted image format distorts or causes the information to be improperly displayed, or for which there is no visual representation, such as audio files. Prior to producing any confidential information as defined in any applicable Protective Order entered herein in Native Format, the Producing Party and the Receiving Party shall meet and confer to establish additional procedures, to the extent necessary, for the protection of information contained in Native Files.

   a. <u>Excel and Access Databases.</u> To the extent that responsive documents exist in Excel or another database program, documents shall be produced in Native Format unless the document needs to be redacted. To the extent that the document format constitutes a database created or maintained in Access or another software program, Documents shall be produced in their Native Format, where reasonably feasible. If a database is based upon proprietary software, the parties shall meet and confer regarding the format of production, which shall be a reasonably feasible format, to enable review by the Receiving Party. An image placeholder shall be provided for each document produced in Native Format. Each placeholder shall contain the phrase "DOCUMENT PRODUCED IN NATIVE FORMAT," or something similar, and shall contain the Bates number corresponding to the native file.

   b. <u>PowerPoint Presentations (PPT).</u> PPT presentations should be produced in Native Format (*e.g.*, as .PPT files). PPT presentations shall also be produced in full document PDF or single-page TIFF format, along with speaker notes. The linked native file name should also match the Begin Bates field with the appropriate file extension. Any hidden slides or speakers notes should be included in PPT presentations.

   c. <u>Audio and Video Data.</u> Parties should make best efforts to ensure care is taken for collection and production of any responsive audio and/or video data, and to preserve any Metadata that may be associated with those items. These data types may be stored in audio or video recordings, voicemail text messaging, and related/similar technologies.

   d. <u>Word Documents (or similar).</u> Microsoft Word documents (.DOC, .DOCX, or substantially similar non-Microsoft file formats) should be produced in full document PDF or single-page TIFF format for each Document, containing all images for that document, and should be imaged

      in a manner that captures tracked changes and comments. To the extent a Receiving Party believes the converted image format distorts, omits, or causes information to be improperly displayed, the Receiving Party may request the Document in Native Format and the Producing Party shall meet and confer to attempt to resolve the problem(s).

   e. To the extent the Producing Party produces a Document in Native Format, the following specifications apply:

    (1) Filenames must be unique in the production, unless the content is identical. Files should be named for the starting Bates number of the associated Document.

    (2) The filename must retain the file extension corresponding to the original Native Format (*e.g.*, an Excel 2003 spreadsheet's extension must be .xls).

6. <u>Color.</u> For any non-native documents, production will be in color where color is material to the understanding of the document or parts thereof (*e.g.*, pie and bar charts) or documents that need to be produced in color can be produced in native format. Otherwise, non-native document images may be produced in black and white.

7. <u>Production Media.</u> A Producing Party may produce Documents electronically (via secure FTP, for example), or on an external hard drive, DVD, CD-ROM, or such other readily accessible computer or electronic media as the Producing Party and the Receiving Party may hereafter agree upon (the "Production Media"). Production Media should be labeled on its face with the production date, the production volume, the Bates range contained on the Production Media, and any confidentiality notation that may be required by the Protective Order entered in this case. Where not practicable to label Production Media on its face, a letter or email with the required information should be provided. If the Producing Party encrypts or "locks" the production, the Producing Party shall include, under separate cover, instructions regarding how to decrypt the files, and any necessary passwords.

8. <u>Document Unitization.</u> When scanning paper documents into Document images as described in Section III.C.1., they shall be unitized in a manner so as to maintain the Document(s) and any attachments as they existed in their original state, as reasonably feasible. Any applicable folder structure information should also be provided. Responsive attachments to e-mails stored shall be produced contemporaneously and sequentially immediately after the parent e-mail.

9. <u>Duplicates.</u> A Producing Party who has more than one identical copy of an electronic Document (*i.e.*, the Documents are actual duplicates) need only produce a single copy of that Document. For avoidance of doubt, a Producing

- 6 -

>Party may de-duplicate actual duplicate documents across custodians, but all custodians should be identified in the All Custodians field.

>10. <u>Bates Numbering.</u> Each Producing Party shall Bates number its production(s) as follows:

>>a. Each Bates number should consist of a unique identifier consisting of a prefix, followed by nine numbers (*e.g.*, ABC000000001). The prefix should be substantially similar for all pages produced by the same Producing Party throughout this litigation. Each page of a Document must have its own Bates number, and Bates numbers should be sequential.

>>b. <u>Document Images.</u> Each page of a produced Document shall have a legible, unique page identifier (Bates number) electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source Document. No other legend or stamp should be placed on the document other than a confidentiality designation (where applicable), a privilege designation, or a redaction notification (where applicable). For confidential documents the confidentiality designation shall be "burned" onto each Document's image at a location that does not unreasonably obliterate or obscure any information from the source Document.

>>c. <u>Native Format Documents.</u> In order to preserve the integrity of any Native Format Documents that will be produced, no Bates number, confidentiality legend or redaction information should be added to the content of the Native Format Document. Each native should have an individual Bates number assigned.

If documents cannot be rendered to a readable PDF or TIFF format, and the document needs to be redacted for personally identifiable information or privileged content, the native documents may be redacted by creating a new copy of the native document and inserting "Redacted" or similar language where the protected content is located. In that circumstance, a pristine copy of the original native file will be kept and the party will identify documents redacted in native format in the production cover letter and in the Redacted metadata field.

### IV. METADATA FIELDS

A. For scanned hard copy documents, the Producing Party will provide the Metadata fields below.

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Begin Bates | The production Bates number associated with the first page of a Document. |
| End Bates | The production Bates number associated with the last page of a Document. |
| BeginFamily | Begin Bates number of first page of the parent Document of family of attachments. |
| EndFamily | End Bates number of the last page of last attachment to a family of Documents. |
| Pages | Total number of pages in the Document. |
| TextPath | Link to text file for the document. |
| Placeholder | Identifies a Document has a placeholder image due to technical difficulties with production. The Parties will negotiate alternative production, or otherwise make available for physical inspection, should one be requested by any of the Parties. If a placeholder image is included for privilege reasons, the Producing Party must appropriately identify which ports of the hard copy document have been withheld for privilege. |
| File Extension | The extension of the file. |
| Custodian | Identification of the custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians of the document. |
| Confidentiality | Confidentiality designation. |
| Redacted | (Y/N) field that identifies whether the document is redacted. |
| Production Volume | Production volume number (*e.g.*, VOL001, VOL002, etc.). |
| Producing Party | Name of party producing the Document. |

B. For ESI and documents that were originally stored in electronic format, all fields below should be provided, to the extent reasonably feasible. Unless otherwise agreed by the parties, the field-naming conventions shall be as stated below, and shall be consistently applied across all productions:

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Begin Bates | The production Bates number associated with the first page of a Document. |
| End Bates | The production Bates number associated with the last page of a Document. |
| BeginFamily | Begin Bates number of the first page of parent Document of family of attachments. |

- 8 -

| FIELD NAME | FIELD DESCRIPTION |
| --- | --- |
| EndFamily | End Bates number of the last page of last attachment to a family of Documents. |
| AttachCount | Number of document attachments. |
| AttachNames | Native file names of each individual attachment, separated by semicolons. |
| Custodian | Identification of the custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians who the producing party agreed to produce and where a duplicate of the Document was de-duplicated when processing the documents. |
| File Path | The file path from which the document was collected |
| All Paths | Identification of all file paths for duplicate copies. |
| Author | Author field extracted from the Metadata of a Document or other creator identified for the Document. |
| From | From field extracted from the Metadata of an email message. |
| To | To field extracted from the Metadata of an email message. |
| Cc | Cc field extracted from the Metadata of an email message. |
| Bcc | Bcc field extracted from the Metadata of an email message. |
| Pages | Total number of pages in the Document. |
| Date Received | Datetime received (MM/DD/YYYY HH/MM/SS). |
| Date Sent | Datetime sent (MM/DD/YYYY HH/MM/SS). |
| Date Created | Datetime created (MM/DD/YYYY HH/MM/SS). |
| Date Modified | Datetime that a Document was last modified (MM/DD/YYYY HH/MM/SS). |
| Last Modified By | Identification of person(s) who last modified a Document. |
| Message Id | Unique Message Id. |
| In Reply To | Message ID of email that instant email is in reply to. |
| Title | Title field value extracted from the Metadata of the Native File. |
| Subject | Subject line extracted from an email, e-document or e-attachment. |
| Filename | The full name of the Native File. |
| File Extension | The extension of the file. |
| File Size | The size of the file in bytes. |
| MD5 Hash | The MD5 hash value of a Document. |
| SHA1 Hash | The SHA1 hash value of a Document. |
| Document Type | Document type. |
| Application | Name of the application used to open the file. |
| NativePath | The relative path to the native file for this Document. |
| TextPath | The relative path to the text file for this Document. |
| Redacted | Whether a Document has redactions (Y/N). |
| Placeholder | Whether a Document has a placeholder image (Y/N). |
| Confidentiality | Level of Confidentiality assigned. |
| Track Changes | Document has track changes (Y/N). |

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Hidden Content | Identifies documents with hidden content (*i.e.*, hidden rows, columns, sheets, or slides). |
| Speaker Notes | Document has speaker notes (Y/N). |
| Has Comments | Indicates there are comments in the document. |
| Production Volume | Production volume number (*e.g.*, V001, V002, etc.). |
| Producing Party | Name of party producing the Document. |