USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
:
:
IN RE AMAZON.COM, INC. EBOOK  :     ORDER
ANTITRUST LITIGATION :
:
:     1:21-cv-00351-GHW-VF
:
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On August 3, 2022, Magistrate Judge Valerie Figueredo issued a thoughtful and well-reasoned Report and Recommendation in this matter. In it, Judge Figueredo recommended that the Court grant Defendants' motions to dismiss Plaintiffs' claims in this case. Because the Report and Recommendation is sound, the Court adopts it in full and grants Defendants' motions to dismiss.

**I.     BACKGROUND**

The Court refers to the Report and Recommendation, Dkt. No. 161 (the "R&R"), for a comprehensive description of the facts and procedural history of the case but will briefly review the procedural history relevant to these motions.

The initial complaint in this matter was filed on January 14, 2021. Dkt. No. 1. A number of related cases asserting substantially identical claims followed quickly on its heels. On April 15, 2021, the Court appointed Hagens Berman Sobol Shapiro LLP as interim lead counsel in the various related actions. Dkt. No. 54. And on May 24, 2021, the Court entered an order consolidating the related actions and establishing a deadline for the submission of a consolidated amended complaint. Dkt. No. 66. Plaintiffs filed an amended complaint on June 2, 2021. Dkt. No. 67.

Two separate motions to dismiss were filed on September 17, 2021.  The first was filed by the so-called "Publisher Defendants."[1]  Dkt. No. 96.  The second was filed by Amazon.com, Inc. ("Amazon").  Dkt. No. 98.  Plaintiffs filed a consolidated opposition to the motions to dismiss on October 28, 2021.  Dkt. No. 123.  And the Publisher Defendants and Amazon each filed a separate reply on December 1, 2021.  Dkt. Nos. 136, 137.

Judge Figueredo held oral argument with respect to the motion on July 27, 2022, and issued her R&R on August 3, 2022.  In the R&R, Judge Figueredo carefully analyzed the arguments presented by Defendants and recommended that the Court dismiss all of Plaintiffs' claims.  The R&R did not address the issue of whether the Court should grant Plaintiffs leave to amend the complaint.

Plaintiffs objected to substantially all of Judge Figueredo's conclusions in the R&R through a comprehensive set of objections filed on August 31, 2022 (the "Objections").  Dkt. No. 166.  The Publisher Defendants and Amazon filed responses in support of the conclusions of the R&R on September 14, 2022.  Dkt. Nos. 167, 168.  And on September 21, 2022, Plaintiffs filed a letter requesting leave to file a reply brief.  Dkt. No. 169.  The Court has considered that reply.

## II. LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

---

[1] The Publisher Defendants are Hachette Book Group, Inc., HarperCollins Publishers LLC, Macmillan Publishing Group, LLC, Penguin Random House LLC, and Simon & Schuster, Inc.

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

## III. DISCUSSION

While Defendants argue in their responses that many of the arguments presented in the Objections are entitled to only clear error review, for purposes of its evaluation of the R&R, the Court treats the Objections as sufficiently precise to merit *de novo* review. The Court has reviewed the briefing with respect to the motions to dismiss and the Objections and has conducted a *de novo* review of the arguments presented in connection with the motions to dismiss, informed by the arguments presented in the Objections and the briefing responding to them. Having done so, the Court rejects the Objections and adopts in full the thoughtful and well-reasoned R&R by Judge Figueredo.

## IV. LEAVE TO AMEND

Plaintiffs are granted leave to amend the complaint. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend]

when justice so requires."). The R&R does not make a recommendation regarding whether leave to amend should be granted. In the Objections, Plaintiffs request leave to amend in the event that the Court were to grant Defendants' motions to dismiss. Objections at 30. Defendants argue that leave to amend should be denied, noting that Plaintiffs had the opportunity to amend the complaint following the submission of the motions to dismiss and chose not to do so. Dkt. No. 167 at 23; Dkt. No. 168 at 25.

Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (citation omitted). None of those conditions apply here: the Court cannot conclude that a further amendment of the complaint would be futile. And Plaintiffs have not yet had the opportunity to amend the complaint with the benefit of a ruling from the Court. "Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). Accordingly, Plaintiffs may amend the complaint. Any amended complaint must be filed within 30 days of the date of this order.

## V.   CONCLUSION

For the reasons set forth in the R&R, Defendants' motions to dismiss are GRANTED without prejudice.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 96, 98, and 169.

SO ORDERED.

Dated: September 29, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge

4