UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                         :

IN RE AMAZON.COM, INC. EBOOK        :    1:21-cv-00351-GHW-VF
ANTITRUST LITIGATION                         :
                                                         :                ORDER
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

        Defendant Amazon.com, Inc. ("Amazon") moves for reconsideration of the Court's March 2, 2024 order adopting the report and recommendation by Magistrate Judge Valerie Figueredo. Dkt. No. 238 (the "Motion").

        Amazon asks the Court to reconsider and, in the alternative, grant leave for an interlocutory appeal on two primary issues: (1) the Court's analysis on the "inextricably intertwined" doctrine of antitrust standing spelled out in *In re Aluminum Warehousing Antitrust Litigation*, 833 F.3d 151 (2d Cir. 2016); and (2) that the Court failed to apply the "first step" rule of antitrust standing. Motion at 4–8; *see also* Dkt. No. 233 at 4–7.

        To conserve the parties' and judicial resources, the Court clarifies its March 2 order as to the first issue. The Court engaged in the *In re Aluminum Warehousing* analysis only to make the following point: "Amazon . . . faults the R&R for not addressing *In re Aluminum Warehousing Antitrust Litigation* . . . . *Aluminum Warehousing* only further buttresses the conclusion that the Direct Purchaser Plaintiffs have adequately pleaded an antitrust injury . . . ." Dkt. No. 233 at 6. In its Motion, Amazon does not refute this fundamental point, or the Court's adoption of the R&R's analysis on antitrust injury. The Court's analysis of the "inextricably intertwined" doctrine laid out in *In re Aluminum Warehousing* is merely dicta, intended to address Amazon's objection to the lack of a citation in the R&R. The Court's adoption of the R&R and denial of Amazon's motion to dismiss

in relevant part do not rely on this analysis.

Given this, Amazon is invited to clarify the scope of its request, including whether it will continue to seek the Court's reconsideration or an interlocutory appeal of the Court's "inextricably intertwined" analysis, in a letter submitted no later than March 22, 2024. Plaintiffs' response to Amazon's motion for reconsideration is due no later than April 5, 2024. Amazon's reply, if any, is due no later than April 12, 2024.

SO ORDERED.

Dated: March 20, 2024
New York, New York

                                                      GREGORY H. WOODS
                                                   United States District Judge