```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                   :

IN RE AMAZON.COM, INC. EBOOK      :    1:21-cv-351-GHW-VF
ANTITRUST LITIGATION                       :
                                               :    ORDER
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On March 2, 2024, the Court adopted a report and recommendation by Magistrate Judge Valerie Figueredo and dismissed all but certain of Plaintiffs' antitrust claims against Amazon. Amazon has moved for reconsideration and, in the alternative, for certification for an interlocutory appeal of that order. Amazon contends that Plaintiffs' remaining claims must be dismissed because they have failed to adequately plead antitrust standing. Much of Amazon's motion focused on a discussion contained in the Court's adoption order that was dicta; those aspects of the motion were, as a result, later withdrawn. The residual issues simply do not meet the high standard required for a motion for reconsideration or to certify an interlocutory appeal. Because Amazon's motion is, at base, an attempt to relitigate issues decided by the Court, it is denied.

**I.    BACKGROUND**

The Court assumes the reader's familiarity with the underlying facts of this case as summarized in the July 31, 2023 Report and Recommendation (the "R&R") by Judge Figueredo, Dkt. No. 212, and the Court's subsequent adoption of the R&R in a March 2, 2024 order (the "Adoption Order"). Dkt. No. 233.[1] The Adoption Order granted in part and denied in part Amazon's motion to dismiss the SACAC. *See* Adoption Order at 13.

On March 20, 2024, Amazon filed a motion for reconsideration and, in the alternative, for

---
[1] Unless otherwise noted, the Court uses the capitalized terms defined in the R&R.

certification for an interlocutory appeal. Dkt. No. 238 ("Mot."). In its motion, Amazon sought reconsideration of the Court's holding that Plaintiffs have adequately pleaded antitrust injury. *Id.* at 1–2. Amazon's motion for reconsideration focused on dicta contained in the Adoption Order regarding whether Plaintiffs had adequately alleged injuries in a market that was "inextricably intertwined" with the purported anticompetitive conduct. *Id.* In the alternative, Amazon sought certification for an interlocutory appeal on that issue. *Id.* at 2. Amazon also sought certification for an interlocutory appeal on the question of whether Plaintiffs' alleged antitrust injury was directly linked to the purported anticompetitive conduct at issue under the Second Circuit's "first step" rule. *Id.* at 3.

Later the same day, on March 20, 2024, the Court issued an order noting that its discussion of the "inextricably intertwined" doctrine in the Adoption Order had been dicta, intended to explain how a citation on which Amazon relied did not support Amazon's position. *See* Dkt. No. 242. That order clarified that the opinion did not rely on that analysis. The Court invited Amazon to clarify the scope of its motion given that fact. *Id.* On March 22, 2024, Amazon filed a letter stating that it no longer challenges the "inextricably intertwined" analysis in the Adoption Order. Dkt. No. 244. Amazon clarified that it still sought to challenge the adequacy of Plaintiffs' allegations as to: (1) "antitrust injury based upon their non-participation in the allegedly monopolized market;" and (2) antitrust standing, based on the "first-step rule" in the Second Circuit. *Id.*

On April 5, 2024, Plaintiffs filed an opposition to Amazon's motion. Dkt. No. 248 ("Opp."). Plaintiffs asserted that Amazon had withdrawn the only basis for which it sought reconsideration of the Adoption Order and that, as a result, only Amazon's request for certification for an interlocutory appeal remained pending. *Id.* at 2. Plaintiffs argued that Amazon failed to meet the exacting standard required to be entitled to the extraordinary relief of an interlocutory appeal under 28 U.S.C. § 1292(b). *Id.* at 4. In particular, Plaintiffs asserted that Amazon failed to identify

2

either a question of law for the Second Circuit's review or grounds for substantial doubt as to the Court's conclusions in the Adoption Order, as required by 28 U.S.C. § 1292(b).  *Id.* at 6–9.  Amazon filed its reply on April 12, 2024, emphasizing that it continued to seek reconsideration of the Court's holding that Plaintiffs have adequately pleaded antitrust injury.  Dkt. No. 249 ("Reply") at 1–2.

## II.     LEGAL STANDARD

### A.     Motion for Reconsideration

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which the moving party believes the court has overlooked."  "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly."  *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)).  As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (internal quotation marks omitted) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bartlett v. Tribeca Lending Corp.*, No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019) (noting that a party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it).  "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already

3

decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009), because "reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). Ultimately, "[t]he decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'" *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

      **B.**      **Motion for Leave to File an Interlocutory Appeal**

In general, there is a "historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). As a result, "in the federal district courts, the entry of a final judgment is generally appropriate 'only after all claims have been adjudicated.'" *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)). However, district courts may certify certain nonfinal orders to the court of appeals under 28 U.S.C. § 1292(b). Such certification is warranted only if (1) "[the] order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The moving party has the burden of establishing all three elements." *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (citation and quotation marks omitted).

Moreover, even if the three criteria are met, the court retains discretion to determine whether leave to appeal is warranted. *See Gibson v. Kassover,* 343 F.3d 91, 94 (2d Cir. 2003). Leave to appeal an interlocutory order should be granted "only in exceptional circumstances that overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment." *Picard v. Estate of Madoff*, 464 B.R. 578,

582–83 (S.D.N.Y. 2011) (citing *In re Bernard L. Madoff Investment Sec. LLC*, No. 11-mc-12, 2011 WL 3897970, at *3 (S.D.N.Y. Aug. 31, 2011)). Accordingly, district courts must "exercise great care in" choosing to grant a party leave to file an interlocutory appeal. *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (citing *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir. 1992)).

Indeed, "although [§ 1292(b)] was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865–66 (2d Cir. 1996). It "is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Id.* at 866; *see also In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F. Supp. 2d 524, 533 (S.D.N.Y. 2014) ("Interlocutory review [under § 1292(b)] is strictly reserved for exceptional cases and is especially rare in the early stages of litigation.").

## III.   DISCUSSION

Amazon challenges the Court's holding that Plaintiffs have adequately pleaded antitrust standing. "To establish antitrust standing, a plaintiff must show (1) antitrust injury, which is injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful, and (2) that he is a proper plaintiff in light of four efficient enforcer factors." *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 258–59 (2d Cir. 2023) (quoting *Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC*, 22 F.4th 103, 115 (2d Cir. 2021)). Whether a plaintiff is an efficient enforcer depends on:

> (1) the directness or indirectness of the asserted injury; (2) the existence of more direct victims or the existence of an identifiable class of persons whose self-interest would normally motivate them to vindicate the public interest in antitrust enforcement; (3) the extent to which the claim is highly speculative; and (4) the importance of avoiding either the risk of duplicate recoveries on the one hand, or the danger of complex apportionment of damages on the other.

*Id.* at 259 (quoting *In re Am. Express Anti-Steering Rules Antitrust Litig. (In re Amex)*, 19 F.4th 127, 138 (2d Cir. 2021)). "[T]he weight to be given the various factors will necessarily vary with the circumstances of particular cases." *Id.* (alteration in original) (quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 443 (2d Cir. 2005)).

Amazon challenges the Adoption Order on two substantive bases: antitrust injury and the efficient-enforcer factors. First, Amazon asks the Court to reconsider its holding as to antitrust injury because of Plaintiffs' asserted "non-participation in the allegedly monopolized market."[2] Dkt. No. 244. In the alternative, Amazon asks the Court to certify an interlocutory appeal of that issue. Second, as to the efficient-enforcer analysis, Amazon seeks to pursue an interlocutory appeal as to the issue of whether Plaintiffs' alleged injury is sufficiently directly related to the alleged antitrust conduct. The Court addresses each of these issues in turn.

### A.  Amazon's Request for Reconsideration Is Denied

Amazon's request for reconsideration is denied because Amazon fails to identify a valid basis for reconsideration of the Court's conclusion that Plaintiffs have adequately pleaded antitrust injury. In the Adoption Order, the Court adopted in full the R&R's analysis and conclusion that Plaintiffs[3] have adequately pleaded antitrust injury. Adoption Order at 5–7; *see also* R&R at 18–31. The R&R concluded that "Plaintiffs have alleged an injury (the payment of higher retail prices for eBooks) as a result of their participation in the same market that Amazon is alleged to have monopolized (the electronic-platforms market for the retail distribution of eBooks)." R&R at 28.

Amazon's motion for reconsideration understandably focused on the discussion of

---

[2] Plaintiffs' assertion that Amazon has withdrawn its request for reconsideration in full is not accurate. Opp. at 2. While Amazon focused primarily on the now-withdrawn "inextricably intertwined" analysis in its opening brief, *see* Mot. at 1–2, 4–8, Amazon also argued that Plaintiffs have failed to plead antitrust injury because they failed to allege that they are participants in the same market that purportedly has been monopolized. *See id.* at 8–9. Amazon clarified that this portion of its request for reconsideration remains pending in its Reply. Dkt. No. 244.
[3] In this order, the term "Plaintiffs" only refers to the remaining direct purchaser plaintiffs in this case.

"inextricably intertwined" injuries in the Adoption Order. Five pages of its brief were dedicated to a discussion of that issue; only a paragraph restated the argument presented in Amazon's objection that "the allegation that Amazon has monopolized a market other than a retail eBooks market deprives these retail consumer Plaintiffs of an actionable antitrust injury." Mot. at 9. That argument merely repeats, and incorporates by reference, an argument presented at length in its briefing. *Id.* (citing Dkt. No. 215 at 15-19). Amazon does not point to new facts or overlooked caselaw.

The sole residual component of Amazon's motion for reconsideration does not meet the high bar established for a motion for reconsideration. Rather than describing "the matters or controlling decisions which the moving party believes the court has overlooked," the motion merely restates and incorporates by reference prior arguments. *See Bartlett*, 2019 WL 1595656, at *1 (noting reconsideration requires a showing that the court overlooked "controlling law or factual matters"). "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue." *Padilla*, 636 F. Supp. 2d 258–59. Amazon's motion to reconsider must be denied for that reason.

### B. Amazon's Request for a Certification for an Interlocutory Appeal Is Denied

As an alternative to its request for reconsideration, Amazon seeks leave to file an interlocutory appeal of the Adoption Order to challenge whether Plaintiffs have adequately pleaded antitrust standing. Specifically, Amazon seeks to appeal: (1) "antitrust injury based upon their non-participation in the allegedly monopolized market;" and (2) "antitrust standing under the 'first-step rule' . . . ." Dkt. No. 244. The Court addresses each of these issues in turn.

#### 1. There Is No Controlling Question of Law with Substantial Grounds for Disagreement as to Antitrust Injury

Amazon's application for certification of an interlocutory appeal stumbles at the second element of the standard. It has not met its burden to show shown that there is a controlling

7

question of law "as to which there is substantial ground for difference of opinion . . . ." *See* 28 U.S.C. § 1292(b). "A substantial ground for difference of opinion exists when '(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.'" *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 539 (S.D.N.Y. 2014) (quoting *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013)). "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996). "There must be more than 'simple disagreement' on the issue." *Danaher Corp. v. Travelers Indem. Co.*, No. 10-cv-121, 2020 WL 6712193, at *1 (S.D.N.Y. Nov. 16, 2020) (quoting *Garber v. Office of the Comm'r of Baseball*, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014)).

Amazon's motion fails to demonstrate more than a disagreement with the Court's application of the caselaw. Here too, Amazon's motion for interlocutory appeal with respect to anti-trust injury focused principally on the now-discarded "inextricably intertwined" issue, which the Court has clarified was not a basis for its ruling. In the rump argument that remains, Amazon argues in a conclusory manner that there is "conflicting authority" on the issue decided by the Court, pointing to the decisions in *In re Zinc Antitrust Litigation*, 155 F. Supp. 3d 337, 364 (S.D.N.Y. 2016), and a recent decision from the Western District of Washington, *Hogan v. Amazon.com, Inc.*, No. 2:21-cv-996, 2024 WL 1091671, at *1–3 (W.D. Wash. Mar. 13, 2024). Mot. at 11. However, the R&R adopted by the Court examined at length the decision in *In Re Zinc. See, e.g.*, R&R at 27–28. *Hogan* was decided by a court outside of this Circuit reviewing a different set of factual allegations. Ultimately, Amazon's motion does not point to conflicting authority, only its disagreement with the Court's application of the caselaw. This does not justify an interlocutory appeal.[4]

---

[4] The failure to meet the second element required to certify the motion for interlocutory appeal is, by itself, dispositive. The motion also fails to pass the hurdle of the first element—whether it presents a "controlling question of law." "[T]he question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without

## 2. Amazon Fails to Identify Substantial Grounds for Disagreement with the Court's Analysis as to the Efficient Enforcer Factors

An interlocutory appeal of the Court's efficient-enforcer holding also is not warranted because Amazon's motion again fails at step two—it fails to identify a controlling question of law "as to which there is substantial ground for difference of opinion . . . ." *See* 28 U.S.C. § 1292(b). Amazon seeks to appeal the issue of whether Plaintiffs' antitrust injury is directly linked to the monopolistic conduct at issue sufficient to satisfy the Second Circuit's "first step" rule. Mot. at 12. In adopting the R&R's analysis, the Court found that the first-step rule is satisfied in this case. *See* Adoption Order at 5 ("The . . . Plaintiffs are also efficient enforcers under the four-factor balancing analysis for the reasons explained by the R&R."); *see also* R&R at 29–31 (examining first-step rule).

Although Amazon disagrees with how the Court has applied the relevant legal authority, it fails to identify any conflicting authority on the issue that the Court overlooked or a thorny question of first impression. Amazon relies on the Second Circuit's decisions in *In re Amex*, *In re Platinum & Palladium*, and *Schwab* to define the first-step rule. *See* Mot. at 13–14 (citing *In re Amex*, 19 F.4th at 140–41, and *In re Platinum & Palladium*, 61 F.4th at 260); Reply at 7–8 (citing *Schwab*, 22 F.4th at 115). The R&R applied that rule in the analysis that the Court adopted. *See* R&R at 29–30 (citing *In re Amex*, 19 F.4th at 139–41). Amazon and the Court agree as to the relevant legal rule and authority that govern here—they simply disagree as to how that rule should be applied to the facts of this case. That is not sufficient to justify an interlocutory appeal. *See Mills v. Everest Reinsurance Co.*, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009) ("Substantial ground for a difference of opinion requires more than a claim that the court's ruling was wrong. Similarly, simply because a question is particularly

---

having to study the record." *In re Kumtor Gold Co. CJSC*, No. 21-cv-6578, 2021 WL 4926014, at *4 (S.D.N.Y. Oct. 20, 2021) (quoting *In re WorldCom, Inc.*, No. 02-13533, 2006 WL 3592954, at *2 (S.D.N.Y. Dec. 7, 2006)). Amazon's motion is based in part on a disagreement regarding the definition of the relevant market in this case. See Mot. at 8–9. But "market definition is a deeply fact-intensive inquiry . . . ." *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 96 F.4th 327, 339 (2d Cir. 2024).

difficult does not mean that there is a difference of opinion." (citation omitted)).

Finally, Amazon's suggestion that the Court held that the first-step rule is no longer good law in this Circuit or that the Court failed to apply the first-step rule is unfounded. Mot. at 13 ("To the extent that the Court intended to hold the first-step rule did not survive *Pepper*, it overlooked controlling Second Circuit authority contradicting that interpretation."); *id.* at 15 ("[T]he Court applied the wrong standard . . . ."). Amazon ignores that the Court adopted the R&R's analysis of the first-step rule. *See* Adoption Order at 5; R&R at 29–31. The Court simply did not repeat the analysis that the R&R had already undertaken. *See* Adoption Order at 5 (citing *In re Amex*, 19 F.4th at 139–40). If the Court had intended to hold that the first-step rule did not survive *Pepper*, it would have said so. Amazon cannot create an appealable issue by reading a holding into the Adoption Order that does not appear in it. Amazon has failed to identify "a controlling question of law as to which there is substantial ground for difference of opinion." *See* 28 U.S.C. § 1292(b).

Even if the Court had found that Amazon met the criteria in 28 U.S.C. § 1292(b), the Court would exercise its discretion to conclude that this is not one of those exceptional cases that justifies departure from the judicial policy against piecemeal appeals because the issues in this case turn on an intensive analysis of the facts, both as pleaded and as developed through discovery.

Amazon's request for a certification for an interlocutory appeal of the Adoption Order is therefore denied. Amazon's request for a stay of discovery is also denied, given that the rationale for the stay—an interlocutory appeal—is moot.

## IV. CONCLUSION

For the reasons stated above, Defendant Amazon's motion for reconsideration, and motion for leave to file an interlocutory appeal, Dkt. No. 238, is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 238.

SO ORDERED.

Dated: March 17, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge