UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN RE AMAZON.COM. INC. EBOOK                             ORDER
ANTITRUST LITIGATION                                     21 Civ. 351 (GHW) (GWG)
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

The request contained in the letter appearing at Docket # 351 is mystifying.   It announces that "Amazon hereby supplements the record" with excerpts from the depositions of plaintiffs' experts that relate to various arguments in defendant's opposition to plaintiffs' motion for class certification.   There is no general rule or practice, however, that permits a party to unilaterally and without explanation "supplement[] the record" with new material after a motion is fully briefed.   Nor is there any practice or rule that permits a party to add citations to a previously-filed brief, if that is what defendant is trying to do.

The Court further notes that defendant was obviously aware when the class certification briefing schedule was set back in October 2025 (see Docket # 291) that there was a possibility, if not a likelihood, that the motion would be briefed without the benefit of expert depositions.   The Court is unaware, however, that defendant sought to either suspend the schedule or advance expert depositions to allow the depositions to be used in the class certification briefing.   It is thus unclear why there could be any justification now for supplementing the record with the depositions.

Docket # 351 somewhat opaquely ties its request to "supplement[] the record" to defendant's previous request to file a surreply brief (Docket # 344).   The Court does not understand the connection.   Docket # 351 certainly does not elucidate the connection, since the listed deposition excerpts are in every instance said to pertain to arguments in defendant's opposition, not to any proposed surreply.

The Court has not yet determined whether it will allow a surreply.   However, if it does, it would limit the surreply to countering any arguments purportedly made for the first time in plaintiffs' reply.   (It would also allow plaintiffs to respond, and would provide for an expedited schedule for both briefs.)   But absent some explanation that has not yet been given, the Court certainly would not allow supplementation of defendant's opposition.   And, as to any permitted surreply, the Court would allow new affidavits or other materials (such as deposition excerpts) to be filed only to the extent that they support a specific response to purported new arguments in the reply (and thus not to support arguments raised in the opposition).

Accordingly, the application in Docket # 351 is denied regardless of whether the Court permits a surreply.

SO ORDERED.

Dated: June 12, 2026
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2